## The Commonwealth *against* COCHRAN and others, Officers of the Land Office.

*An appeal does not lie from the board of property to the Court of Common Pleas, although an act of Assembly directs the officers of that board to do certain things in case of an Appeal. The only mode of contesting their decision is by an action between the parties in the ordinary way.*

IN *June* 1773 *James Moore* agreed with *Alexander Hunter* and *William M'Cord* to take up lands, in which they were to be equally interested; but the purchase money in the first instance was to be wholly advanced by *Moore*, and one third was afterwards to be repaid by each of his partners. The purchase was accordingly made, and six of the warrantees conveyed to *Hunter.* The land fell within the seventeen townships. All the parties released to the Commonwealth under the act of 4th *April* 1799, but the commissioners awarded the valuation to *Moore* alone, no part of the purchase money having been repaid to him. *Hunter* and *M'Cord's* representatives entered a *caveat* in the land office against issuing a ticket to the Comptroller and Register General in *Moore's* favour, and they were heard by the board of property upon the question of their right to a part of the valuation; but the *caveat* was dismissed. The board however withheld the ticket in conformity to the third section of the law above mentioned, which among other things provides, that " In case of disputes between *Pennsylvania* claimants before " the issuing of the certificates in pursuance of this act, such " disputes shall be decided by the board of property according " to the *general usage;* provided that their decision shall not " prevent the party against whom it is made, from prosecuting " his claim in the courts of law *as usual;* and in case of an *ap-*

" *peal* from the decision of the board of property, the certifi-  1808.
" cates *shall not issue until the dispute is decided."* 4 *St. Laws* Common-
400. *Hunter* and *M'Cord appealed* from the decision of the  wealth
board of property to the Common Pleas of *Lancaster* county, *v.*
and the appeal was afterwards removed to the Circuit Court. Cochran.

In *December* 1805 *Ingersoll*, upon the affidavit of *Moore's* ad-
ministrator, obtained a rule upon the defendants to shew cause
why a *mandamus* should not issue to them to grant the ticket to
him for the whole valuation; and his ground was, that no appeal
was authorized by law, although the word *appeal* was used; but
that an action was the only mode of settling the dispute, which
the losing party had omitted too long to adopt, now to prevent
the board of property from putting the successful party in pos-
session of his rights.

The propriety of the *appeal* and also of the *mandamus*, were
by consent blended in argument at the present term by *Ingersoll*
for *Moore*, and by *Tilghman* for *Hunter* and *M'Cord;* and
the judges now delivered their opinions upon both questions.

Tilghman C. J. This case arises under the act of 4th *April*
1799 " for offering compensation to the *Pennsylvania* claimants
" of certain lands within the seventeen townships in the county
" of *Luzerne."* 4 *St. Laws* 400. The third section of this law
enacts, that in case of disputes between the *Pennsylvania* claim-
ants, (before the issuing of the certificates in pursuance of the
act) such disputes shall be decided by the board of property
according to the *general usage;* provided that their decision
shall not prevent the party against whom it is made, from pro-
secuting his claim in the courts of law as *usual*, and in case of
an appeal from the decision, the certificates shall not issue till
the dispute shall be decided.

There was a dispute before the board of property, between
*Alexander Hunter* and the representatives of *William M'Cord*
deceased plaintiffs, and the administrator of *James Moore* de-
fendant. The board decided in favour of the defendant, and dis-
missed the *caveat* of the plaintiffs. The party against whom the
decision was made, entered an appeal to the Court of Common
Pleas of *Lancaster* county, which was removed to the Circuit
Court of the same county. On the other hand, the administrator
of *Moore* has applied to this court for a *mandamus*, to compel
the officers of the land office to issue a ticket to him, by which

1808.

Commonwealth
v.
COCHRAN.

he may be enabled to receive from the Commonwealth the whole money at which the land was valued. We are now to decide on the appeal and the *mandamus.* I think it very clear that the appeal must be dismissed; there is no law or precedent authorizing an appeal from the board of property to the Court of Common Pleas of any county. The only mode of appeal is by bringing an action at law. But in the present case there is great difficulty in bringing an action. The party against whom the board of property decided, cannot bring an ejectment, because he has released his title to the Commonwealth. Neither can he bring an action for money received by his adversary for his use, because no money has yet been received. Under these circumstances I do not think it right to issue a *mandamus.* The appeal being dismissed, the board of property are at liberty to act according to their discretion. And I should think it no abuse of that discretion, if they were to say, that inasmuch as it was the clear intent of the legislature that *no money should be paid,* till the party against whom they decided had an opportunity of a trial in nature of an appeal, and as such trial cannot be had unless the parties by mutual consent agree upon some mode of bringing the matter before a court of law, they will withhold the ticket until the administrator of *James Moore* consents to put the matter in train for a speedy decision. If after this intimation, any affectation of delay should be manifested by the party against whom the board have decided, a ticket might be issued to *Moore* immediately.

YEATES J. The proviso in the third section of the act of 4th *April* 1799 is involved in great obscurity, from its not prescribing the mode of appeal from the decision of the board of property. I am strongly inclined to believe that it must be by action at law. But in what form? The *Pennsylvania* claimant must release to the state before he can be entitled to compensation; and when he is divested of his title, he cannot support ejectment. The words are, " the certificates shall not issue un-" til the dispute shall be decided." Until the money is paid, I do not see what kind of personal action can be maintained.

The board of property are to decide in case of disputes between *Pennsylvania* claimants, according to the *general usage.* They seem to have done so in the present case. The appeal must be dismissed as irregularly made to the Common Pleas

of *Lancaster* county. But if *Alexander Hunter* and *John Cook* are willing to institute a suit to try their right, I do not see how the certificate can be issued until that matter is settled. It will be found the interest of all parties to agree on some amicable mode of deciding the dispute. The motion for a *mandamus* as to the ticket must be denied, as it goes to the Comptroller and Register General.

SMITH J. was not present at the argument.

BRACKENRIDGE J. concurred.

> Appeal dismissed, and
> Rule discharged.